**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 9822)
Justin M. Swartz (JS 7989)
Jack A. Raisner (JR 6171)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000



RECEIVED AUG 17 2009 U.S.D.C. S.D.N.Y. CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE SEWELL and EMILY DIANGSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>BOVIS LEND LEASE, INC. and BOVIS LEND LEASE LMB, INC.,<br><br>　　　　　　　　Defendants. | 09-CV-6548 (SHS)(RLE)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Renee Sewell and Emily Diangson (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1.　Bovis Lend Lease, Inc. and Bovis Lend Lease LMB, Inc. (hereinafter "Bovis" or "Defendants"), subsidiaries of Bovis Lend Lease, one of the world's largest construction management companies, with operations in more than 30 countries and over 8,500 employees, provides a broad range of construction management services throughout the United States.

2. Plaintiffs worked for Bovis at its construction sites in New York and New Jersey, performing routine office tasks and other low-level tasks related to the construction management services that Bovis performs for its customers.

3. Bovis has managed many of New York City's famous construction projects, including the New York Mets' new stadium, Citi Field, and infamous, including demolition of the former Deutsche Bank tower at Ground Zero.

4. While Bovis has benefited from construction contracts worth many millions of dollars, Bovis has deprived many workers, who worked long hours performing construction management services at its work sites, of the overtime premium pay to which the law entitles them.

5. Plaintiffs seek to recover unpaid overtime wages that Bovis owes them and similarly situated current and former employees who work or worked at Defendants' worksites as Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who performed similar duties to Plaintiffs. They bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA, 29 U.S.C. § 216(b).

6. Plaintiffs also bring claims for unpaid overtime wages on behalf of themselves and all similarly situated current and former Bovis employees who work or worked at Defendants' worksites in New York and in New Jersey as Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who performed similar duties to Plaintiffs pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 19, §§ 650 *et seq.*, and the

supporting New York State Department of Labor regulations, and the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*, and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, ("NJSWHL").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Plaintiffs' federal law claim is so related to their state law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

10. At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

11. Plaintiffs' claims involve matters of national or interstate interest.

12. Citizenship of the members of the proposed classes is dispersed among a substantial number of states.

13. Upon information and belief, at least one Defendant resides in New York.

14. Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

15. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## THE PARTIES

*The Plaintiffs*

**Renee Sewell**

18. Plaintiff Renee Sewell ("Sewell") resides in Hoboken, New Jersey.

19. Sewell was employed by Bovis from approximately February 20, 2007 through approximately May 2009 as a Project Engineer.

20. During her employment with Bovis, Sewell worked in Manhattan, New York and in Hoboken, New Jersey.

21. Pursuant to Bovis's policy, pattern, and/or practice, Sewell regularly worked more than 40 hours a week and was not paid a proper overtime premium.

**Emily Diangson**

22. Plaintiff Diangson ("Diangson") resides in Freehold, New Jersey.

23. Diangson was employed by Bovis from approximately January 2004 through approximately October 2005 as a Project Engineer, and from approximately December 2005 through approximately May 2009 as an Assistant Project Manager.

24. During her employment with Bovis, Diangson worked in Manhattan, New York and in Hoboken, New Jersey.

25. Pursuant to Bovis's policy, pattern, and/or practice, Diangson regularly worked more than 40 hours a week and was not paid a proper overtime premium.

***The Defendants***

26.     Defendant Bovis Lend Lease, Inc. is a Florida corporation.

27.     Upon information and belief, Bovis Lend Lease, Inc. maintains an office at 200 Park Avenue, New York, NY 10166.

28.     Bovis Lend Lease, Inc. has employed and/or jointly employed Plaintiff and those similarly situated during the relevant period.

29.     Bovis Lend Lease, Inc. is the entity that appears on Plaintiff's paystubs.

30.     Bovis Lend Lease, Inc. is a covered employer within the meaning of the FLSA and the NYLL.

31.     Defendant Bovis Lend Lease LMB, Inc. is a New York corporation.

32.     Upon information and belief, Bovis Lend Lease LMB, Inc.'s principal executive office is located at 200 Park Avenue, New York, NY 10166.

33.     Bovis Lend Lease LMB, Inc. has employed and/or jointly employed Plaintiff and those similarly situated during the relevant period.

34.     Bovis Lend Lease LMB, Inc. is the entity that appears on Plaintiff's February 12, 2007 offer letter.

35.     Bovis Lend Lease LMB, Inc. is a covered employer within the meaning of the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs brings an FLSA claim (First Cause of Action) for unpaid overtime on behalf of themselves and all similarly situated Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who

performed similar duties to Plaintiffs and who elect to opt in to this action (the "FLSA Collective").

37. Bovis is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. There are many similarly situated current and former Bovis employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Bovis, are readily identifiable, and can be located through Bovis's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

38. Plaintiffs also bring a New York Labor Law claim (Second Cause of Action) and a New Jersey State Wage and Hour Law claim (Third Cause of Action) on behalf of themselves and state law classes of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of:

(a) all Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who performed similar duties to Plaintiffs at Bovis worksites in New York between the six years prior to the filing date of this lawsuit and the date of final judgment in this action (the "New York Class"); and

(b) all Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who performed similar duties to Plaintiffs at Bovis worksites in New Jersey between the two years prior to the filing date of this lawsuit and the date of final judgment in this action (the "New Jersey Class").

39. The persons in each of the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of persons in each class is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Bovis.

40. Bovis has acted or has refused to act on grounds generally applicable to the New York Class and New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each class as a whole.

41. There are questions of law and fact common to the New York Class and New Jersey Class that predominate over any questions solely affecting individual members of these classes, including but not limited to:

(a) whether Bovis has failed and/or refused to pay Plaintiffs, the New York Class, and the New Jersey Class overtime pay for hours worked in excess of 40 hours per work week in violation of the NYLL and NJSWHL;

(b) whether Bovis has failed to keep true and accurate time records for all hours worked by Plaintiffs and the members of the New York Class and the New Jersey Class;

(c) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(d) the nature and extent of Class-wide injury and the appropriate measure of damages for each class;

(e) whether Bovis's policy of failing to pay Plaintiffs and the members of the New York Class and New Jersey Class overtime was instituted willfully or with reckless disregard of the law;

    (f) whether Bovis has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA, NYLL, and NJSWHL.

  42. The claims of Plaintiffs are typical of the claims of the New York Class and New Jersey Class they seek to represent. Plaintiffs and the members of the New York Class and New Jersey Class work or have worked for Bovis at its construction sites performing similar duties and have not been paid a proper overtime premium for the hours that they worked in excess of 40 hours per workweek. Bovis has acted and/or has refused to act on grounds generally applicable to the members of the New York Class and New Jersey Class, thereby making declaratory relief with respect to each of these classes appropriate.

  43. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class and New Jersey Class.

  44. Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

  45. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class and New Jersey Class have been damaged and are entitled to recovery as a result of Bovis's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class and New Jersey Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Bovis's practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

46. Consistent with Bovis's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective, New York Class, and New Jersey Class ("Class Members") regularly worked in excess of 40 hours per work week without being paid overtime wages.

47. All of the work that Plaintiffs and the Class Members have performed has been assigned by Bovis and/or Bovis has been aware of all of the work that Plaintiffs and the Class Members have performed.

48. As part of its regular business practice, Bovis has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, NYLL, and NJSWHL with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes but is not limited to:

    (a) willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per work week;

    (b) willfully classifying Plaintiffs and the Class Members as exempt from the overtime requirements of the FLSA, NYLL, and NJSWHL; and

    (c) willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of Bovis.

49. Bovis's unlawful conduct as described in this First Amended Class Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiffs and the Class Members as exempt from the overtime requirements of the FLSA, NYLL, and NJSWHL and violating these laws by failing to pay these employees overtime premiums for time they worked in excess of 40 hours per workweek.

50. Bovis is aware or should have been aware that federal and state law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per work week.

51. The Plaintiffs and the Class Members perform or performed non-exempt duties related to the construction management services that Bovis provides to its customers.

52. Bovis's unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Renee Sewell

53. Sewell worked for Bovis at its worksites as a Project Engineer.

54. Sewell worked more than 40 hours during most weeks during which she worked for Bovis.

55. During some work weeks, Sewell worked more than 50 hours.

56. Bovis failed to pay Sewell overtime compensation for all of the hours she worked over forty in a work week.

57. Bovis failed to keep accurate records with respect to Sewell's work.

### Emily Diangson

58. Diangson worked for Bovis at its worksites as a Project Engineer and as an Assistant Project Manager.

59. Diangson worked more than 40 hours during most weeks during which she worked for Bovis.

60. During some work weeks, Diangson worked more than 50 hours.

61. Bovis failed to pay Diangson overtime compensation for all of the hours she worked over forty in a work week.

62. Bovis failed to keep accurate records with respect to Diangson's work.

## FIRST CAUSE OF ACTION
(Fair Labor Standards Act: Unpaid Overtime Wages)
(Brought on Behalf of Plaintiffs and Similarly Situated Current and Former Employees)

63. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

64. Bovis has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

65. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Sewell's consent form was filed with the original Complaint. Plaintiff Diangson's consent form is attached hereto as Exhibit A.

66. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Bovis.

68. At all relevant times, Plaintiffs and others similarly situated were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

69. Bovis has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

70. Bovis's violations of the FLSA, as described in this First Amended Class Action Complaint, have been willful and intentional. Bovis has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

71.  Because Bovis's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72.  As a result of Bovis's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

73.  As a result of the Bovis's unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
(New York Labor Law: Unpaid Overtime Wages)
(Brought on Behalf of Plaintiffs and the New York Class members)

74.  Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

75.  At all relevant times, Plaintiffs and other similarly situated current and former employees were employees and Defendants have been employers and/or joint employers within the meaning of the NYLL.

76.  The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Bovis.

77.  Bovis has failed to pay Plaintiffs and the New York Class the overtime wages to which they are entitled under the NYLL.

78.  By Bovis's failure to pay Plaintiffs and the New York Class members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL Article

19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 142.

79. Due to Bovis's violations of the NYLL, Plaintiffs and the New York Class members are entitled to recover from Bovis their unpaid overtime wages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

80. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the New York Class but reserve their right to do so depending on the United States Supreme Court's ruling in S*hady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*

### THIRD CAUSE OF ACTION
(New Jersey State Wage and Hour Law: Unpaid Overtime Wages)
(Brought on Behalf of Plaintiffs and the New Jersey members)

81. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

82. At all relevant times, Plaintiffs and other similarly situated current and former employees were employees and Defendants have been employers and/or joint employers within the meaning of the NJSWHL.

83. The overtime wage provisions of Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.* and its supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq.*, apply to Bovis.

84. Bovis has failed to pay Plaintiffs and the New Jersey Class the overtime wages to which they are entitled under the NJSWHL.

85. By Bovis's failure to pay Plaintiffs and the New Jersey Class members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.*

86. Due to Bovis's violations of the NJSWHL, Plaintiffs and the New York Class members are entitled to recover from Bovis their unpaid overtime wages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Bovis as Assistant Project Managers, Project Engineers, and other salaried employees below the level of "Project Manager" with different titles who performed similar duties to Plaintiffs at Defendants' construction sites. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiffs as representatives of the New York Class and the New Jersey Class, and counsel of record as Class Counsel;

E.   Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.   Unpaid overtime wages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company.*)

G.   Unpaid overtime wages pursuant to Chapter 11, Article 2 of the NJSWHL, N.J.S.A. §§ 34:11-56a *et seq.*;

H.   Pre-judgment interest;

I.   An injunction requiring Bovis to pay all statutorily-required wages pursuant to the NYLL and NJSWHL;

J.   Attorneys' fees and costs; and

K.   Such other relief as this Court deems just and proper.

Dated: New York, New York
August 17, 2009

        Respectfully submitted,

        **OUTTEN & GOLDEN LLP**
        By:

        _____
        Adam T. Klein (AK 9822)

        **Outten & Golden LLP**
        Adam T. Klein (AK 9822)
        Justin M. Swartz (JS 7989)
        Jack A. Raisner (JR 6171)
        Rachel M. Bien (RB 6919)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone: 212-245-1000

        ***Attorneys for Plaintiffs and the Putative Class***

# EXHIBIT A

I consent to be a party plaintiff in a lawsuit against Bovis Lend Lease, Inc., Bovis Lend Lease LMB, Inc., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Outten & Golden LLP to represent me in such lawsuit.

_Emily Diangpa_
Signature

_Emily Diangson_
Full Legal Name (print)

REDACTED
Address

REDACTED
City, State                    Zip Code