UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RENEE SEWELL and EMILY DIANGSON,               :
individually and on behalf of all others similarly
situated,                                      :          09-CV-6548 (SHS)(RLE)

                        Plaintiffs,            :

        v.                                     :

BOVIS LEND LEASE, INC., and BOVIS LEND         :
LEASE LMB, INC.,

                                               :

                        Defendants.

                                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**OBJECTIONS TO MAGISTRATE JUDGE ELLIS' MARCH 3, 2010
<u>ORDER COMPELLING DISCOVERY</u>**


WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

Attorneys for Defendants

## Table of Contents

Table of Authorities ............................................................................................................. ii

Background ............................................................................................................................1

Argument ..............................................................................................................................3

    I.    Summary of Argument. ........................................................................................3

    II.    Standard of Review. ............................................................................................4

    III.    Pre-Certification Discovery Of Putative Class Member Identities Is
    Contrary To Law. .................................................................................................5

        A.    The identities and contact information of putative class members
        is not relevant to Plaintiffs' overtime claims. ......................................5

        B.    The Magistrate Judge's Order impermissibly eviscerates the
        two-stage FLSA certification process and violates the Supreme
        Court's directives. ................................................................................8

            1.    The Supreme Court and FLSA require "conditional
            certification" first, followed by court-supervised and approved
            notice. .......................................................................................9

            2.    The Magistrate Judge impermissibly deviated from the required
            certification and notice process. ...............................................12

    IV.    The Magistrate Judge's Order Endorses An Unwarranted Intrusion Upon
    The Privacy of Putative Class Members And An Improper Stirring Up
    of Litigation. .....................................................................................................13

        A.    The privacy rights of putative class members should not be
        compromised in the absence of conditional certification. ..................13

        B.    The substantial risk of "stirring up of litigation" created by the
        Order is untenable. ..............................................................................14

Conclusion .........................................................................................................................16

## CASES

*Bayles v. American Med. Response of Colo., Inc.*,
  950 F. Supp. 1053 (D. Colo. 1996)..................................................................10

*Catskill Dev., L.L.C. v. Park Place Entm't Corp.*,
  206 F.R.D. 78 (S.D.N.Y. 2002) ......................................................................4

*Crabtree v. Hayden, Stone Inc.*,
  43 F.R.D. 281 (S.D.N.Y. 1967) ......................................................................7

*Crawford v. Dothan City Bd. Of Educ.*,
  214 F.R.D. 694 (M.D. Ala. 2003).....................................................................7

*Damassia v. Duane Reade, Inc.*,
  No. 04-cv-8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006)...............................11

*Deposit Guaranty Nat'l Bank v. Roper*,
  445 U.S. 326 (1980).......................................................................................6

*Dziennik v. Sealift, Inc.*,
  No. 05-cv-4659(DLI)(MDG), 2006 WL 1455464 (E.D.N.Y. May 23, 2006)................5, 7, 14

*Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*,
  629 F. Supp. 2d 416 (D. N.J. 2009) ...................................................................4

*El Dorado Savings & Loan Ass'n v. Superior Court*,
  190 Cal. App. 3d 344 (Cal. Ct. App. 1987) .......................................................14

*Fei v. WestLB AG*,
  No. 07-cv-8785(HB)(FM), 2008 U.S. Dist. LEXIS 33310 (S.D.N.Y. Apr. 23, 2008)..............8

*Flanigan v. American Fin. Sys. of Ga.*,
  72 F.R.D. 563 (M.D. Ga. 1976) ...................................................................14, 15

*Frye v. Baptist Mem'l Hosp., Inc.*,
  No. 07-2708, 2008 WL 6653632 (W.D. Tenn. Sept. 16, 2008) .............................11

*Harding Lawson Assoc. v. Superior Court*,
  10 Cal. App. 4th 7 (Cal. Ct. App. 1992) ...........................................................14

*Hipp v. Liberty Nat'l Life Ins. Co.*,
  252 F.3d 1208 (11th Cir. 2001) ...................................................................9, 10

*Hoffman-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989)...............................................................................1, 7, 11, 12,13, 15

*In re Baldwin-United Corp.*,
770 F.2d 328 (2d Cir. 1985)..................................................................................6

*Knutson v. Blue Cross & Blue Shield of Minn.*,
254 F.R.D. 553 (D. Minn. 2008)..........................................................................6

*Lynch v. United Services Auto. Ass'n*,
491 F. Supp. 2d 357 (S.D.N.Y. 2007)...................................................9, 10, 11, 12

*Mooney v. Aramco Services Co.*,
54 F.3d 1207 (5th Cir. 1995) ...............................................................................9

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)..............................................................................................5

*Rubin v. Valicenti Advisory Services*,
471 F. Supp. 2d 329 (W.D.N.Y. 2007) .................................................................4

*Ruggles v. WellPoint, Inc.*,
591 F. Supp. 2d 150 (N.D.N.Y. 2008)............................................................10, 13

*Saxton v. W.S. Askew Co.*,
38 F. Supp. 323 (N.D. Ga. 1941) ..........................................................................6

*Searson v. Concord Mortgage Corp.*,
No. CV 07-3909(DRH)(ARL), 2008 WL 961624 (E.D.N.Y. Apr. 8, 2008)............7

*Severtson v. Phillips Beverage Co.*,
137 F.R.D. 264 (D. Minn. 1991).........................................................................15

*Sperling v. Hoffman-La Roche Inc.*,
118 F.R.D. 392 (D. N.J. 1988), *aff'd in part*, 862 F.2d 439 (3d Cir.),
*aff'd and remanded, Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ..............12, 13

*Stephens v. Erosion Containment Mgmt., Inc.*,
No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095 (M.D. Fla. May 21, 2008).......7

*Tompkins v. R.J. Reynolds Tobacco Co.*,
92 F. Supp. 2d 70 (N.D.N.Y. 2000) ......................................................................4

*United States v. U.S. Gypsum Co.*,
333 U.S. 364 (1948)..............................................................................................4

## Constitutions & Statutes

29 U.S.C. §216(b) ...............................................................................1, 4, 6, 9, 11, 15

Cal. Const. art. I, § 1 ..............................................................................................14

## Rules

Fed. R. Civ. P. 23 ...........................................................................................1, 6, 7, 9

Fed. R. Civ. P. 26 ...........................................................................................3, 5, 6, 8

Fed. R. Civ. P. 72(a) .................................................................................................4

## Other Authorities

6 *Moore's Federal Practice* § 26-275-76 (3d. ed. 2010)............................................ 5-6

Defendants Bovis Lend Lease Inc., and Bovis Lend Lease LMB, Inc. ("Bovis") hereby submit these Objections to the March 3, 2010 Order of The Honorable Ronald L. Ellis, United States Magistrate Judge, which compelled Bovis to produce the names, addresses, telephone numbers and partial Social Security numbers of hundreds of current and former Bovis employees (the "Order").[1]

The order must be reversed because it: (i) impermissibly holds that the identities of putative class members are relevant and discoverable under Rule 26; (ii) contravenes the U.S. Supreme Court's directions in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), thereby up-ending the proper and orderly conduct of collective proceedings under the Fair Labor Standards Act ("FLSA"), and (iii) unnecessarily intrudes on the privacy interests of private persons. The Magistrate Judge's Order, therefore, is both contrary to law and clearly erroneous, and should be reversed.

## BACKGROUND

On July 23, 2009, Plaintiff Renee Sewell, a former Bovis employee, filed this action under the Fair Labor Standards Act (FLSA), as well as New York and New Jersey state wage law, claiming the she and other "similarly situated" persons were improperly classified by Bovis as exempt from overtime. On August 17, 2009, Plaintiffs filed an amended complaint adding Emily Diangson, another former Bovis employee, as a plaintiff in the matter. Plaintiff Sewell worked for Bovis for more than two years as a Project Engineer, while Plaintiff Diangson worked for Bovis for more than five years in various capacities, including as a Project Engineer and Assistant Project Manager. Plaintiffs purportedly intend to seek certification of a collective FLSA action pursuant to 29 U.S.C. §216(b), as well as a Fed. R. Civ. P. 23 ("Rule 23") class for

---

[1] The Order required production by March 8, 2010. However, the parties agreed to stay compliance with the Order pending resolution of these Objections. A Stipulation and Tolling Agreement reflecting this agreement was tendered to Magistrate Judge Ellis and entered by him on March 8, 2010.

the state wage law claims. As of the filing of the present Objections, Plaintiffs have not moved for certification of any collective action or class, nor have Plaintiffs filed any materials (other than their complaint) to support any future request for certification.

**Plaintiffs Request Identification of Putative Class Members**

As reflected in the September 28, 2009 Joint Discovery Plan, the parties agreed to conduct discovery in three phases, with the first phase focusing on class certification issues, the second focusing on merits issues, and the third, if necessary, focusing on damages (if any). (Doc. 17 at 2.)[2] On September 30, 2009, Plaintiffs served written discovery seeking, among other documents and information, the production of a list of all putative class members – defined as persons who held the positions of Project Engineer and Assistant Project Manager (the positions that Plaintiffs held at Bovis) as well as all other salaried employees below the level of "Project Manager" who "performed similar duties to Plaintiffs." (*See* Plaintiffs' First Set of Document Requests at 10 (Request No. 3).)[3] The Plaintiffs requested that the list of putative class members include full contact information for each such person (*e.g.*, name, address, telephone number) as well as each person's Social Security number, and should cover the period from July 25, 2003 and the present.

On October 31, 2009, Bovis served its responses to Plaintiffs' written discovery, objecting to the production of the above information because, among other defects, the request was premature (no class having been certified or even conditionally certified) and sought highly sensitive personal information concerning individuals who were not parties to the case. On February 23, 2010, following a long period of inactivity and an attempt by the parties to mediate the case, Plaintiffs sought to meet-and-confer concerning their request for a "putative class list."

---

[2] The class phase of discovery is currently scheduled to close on March 29, 2010.
[3] A copy of Plaintiffs' First Set of Document Requests is attached hereto as Exhibit A to the Declaration of Jason S. Aschenbrand, Esq., dated March 15, 2010 ("Aschenbrand Decl.").

The parties conferred in good faith concerning Plaintiffs' discovery request, but were unable to reach a compromise. Plaintiffs indicated that they therefore planned to file a motion to compel. The parties agreed that briefing would be necessary to resolve the issue, and further agreed to use a telephonic conference with the Magistrate Judge to establish a briefing schedule. The parties agreed in writing that the phone call would be used only to establish a briefing schedule, and not to discuss the merits of the underlying dispute.

**The Magistrate Judge Eschews Briefing, Compels Production**

At the March 3, 2010 telephonic conference, the Magistrate Judge declined to establish a briefing schedule, and instead decided to immediately hear oral argument so the dispute could be resolved. After hearing argument from both sides, the Magistrate Judge ordered Bovis to provide Plaintiffs with a list of all current and former Bovis Project Engineers and Assistant Project Managers in the entire United States for the last three (3) years (the maximum possible FLSA limitations period), and for the last six (6) years in New York (the limitations period for Plaintiffs' New York wage claims).[4]

ARGUMENT

**I.      Summary of Argument.**

In deciding to compel the production of the putative class list, the Magistrate Judge repeatedly stated that he viewed Plaintiffs' request for the list of putative class members as presenting "a simple question of what Rule 26 requires." (*E.g.*, Ex. B at 8:5.) Under this view, so long as the class list could lead the Plaintiffs to relevant evidence, Defendant was automatically required to produce it, without regard to any other considerations. As explained below, however, not only did the Magistrate Judge misapprehend the limits of Rule 26 relevance, he also ignored a specific body of law and procedure that governs discovery concerning, and

---

[4] A copy of the transcript from the March 3, 2010 hearing is attached hereto as Exhibit B to the Aschenbrand Decl.

communications with, putative class members. That law makes clear that Plaintiffs cannot obtain a list of the identities of all putative class members prior to conditional certification under the FLSA or Rule 23 certification for the state law claims. In addition, absent this procedural safeguard, the Magistrate Judge's Order unnecessarily compromises the privacy of non-parties who may have neither the ability nor the inclination to become involved in this case.

## II.      Standard of Review.

The Magistrate Judge's Order must be reversed if it is either "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Rubin v. Valicenti Advisory Services*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). A decision is "clearly erroneous" when, after reviewing the entire record, the "court is left with the definite and firm conviction that a mistake has been made." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). A "contrary to law" reversal is required when the decision "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill*, 206 F.R.D. at 86 (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)). This Court's review of the legal determinations underlying the Magistrate Judge's decision is plenary. *See Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D. N.J. 2009) (quotation omitted).

**III.    Pre-Certification Discovery Of Putative Class Member Identities Is Contrary To Law.**

    **A.    The identities and contact information of putative class members is not relevant to Plaintiffs' overtime claims.**

Though Rule 26 contains a broad articulation of what matters are deemed discoverable, discovery has "ultimate and necessary boundaries." *Dziennik v. Sealift, Inc.*, No. 05-cv-4659(DLI)(MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). By its own terms, Rule 26 limits discovery to only those matters that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). While information need not be admissible to be relevant, so long as it is "reasonably calculated to lead to the discovery of admissible evidence," there is no qualification of or exception to the requirement that the information be relevant. *Id.*

The information Plaintiffs seek here – the names, addresses, telephone numbers and Social Security numbers of all putative class members – fails the relevance requirement of Rule 26. There are currently only two parties to the case, Sewell and Diangson. Only a very small portion of the putative class ever met Plaintiffs, witnessed their work, or have any information that would be relevant to their overtime claims. Plaintiffs want the class list not to develop information about their own claims, but rather to use it to trawl for additional potential plaintiffs, a motivation made clear by the fact that Plaintiffs insisted during discovery negotiations that the only thing they would accept short of being given the entire class list was "send[ing] out a notice telling people that they could join the case." (Ex. B. at 6:3-7.) Prior to conditional certification by the court, which would open the gates of Rule 26 relevance to the claims of putative class members, that information simply is not relevant. Thus, as *Moore's Federal Practice* explains:

> Before the adoption of the 2000 amendments to Rule 26(b)(1) [which slightly narrowed the scope of available discovery],[5] in actions for underpayment of wages under the FLSA, the plaintiff was entitled to discover employment information that is pertinent to the time period during which the employer allegedly underpaid the employees and that relates to himself or herself and to all of the present or former employees of the defendant whom the plaintiff represents in the action. The plaintiff was not, however, entitled to similar information concerning employees <u>other than himself, herself, or the employees that have complied with the requirements for having their interests represented in the lawsuit</u>.

6 *Moore's Federal Practice* § 26-275-76 (3d. ed. 2010) (emphasis added). *See also Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 557 (D. Minn. 2008) (prior to certification, identities of putative class members in FLSA collective action are "*not* relevant to the claims or defenses of the only parties . . . before the Court, Knutson and Blue Cross.") (emphasis in original); *Saxton v. W.S. Askew Co.*, 38 F. Supp. 323, 326 (N.D. Ga. 1941) ("[T]he motion of the plaintiffs is too broad. They have no right or concern with the records of the defendant concerning all its employees, but only as to such records as affect them. It would not be the inclination of this court, no matter how technical or formal the motion, to permit a 'fishing expedition' into the records of the defendant.").

The Magistrate Judge believed that information concerning putative class members was relevant to the class and collective action aspect of the case. (Ex. B at 8:4-5.) And perhaps such information will be needed if and when it comes time to provide notice to the class under §216(b) or Rule 23. But a class action simply is not a "claim" – it is merely a "procedural device" by which persons can "pursue their individual claims" in a single case. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 331 (1980); *see also In re Baldwin-United Corp.*,

---

[5] "There is little likelihood that the scope of discovery in FLSA actions will change markedly in response to the 2000 amendments to Rule 26(b)(1) limiting the scope of permissible party-controlled discovery." *Moore's* at 26-277.

770 F.2d 328, 335 (2d Cir. 1985) (Rule 23 is merely "a rule of procedure and creates no substantive rights or remedies . . . .").

For this reason, courts regularly deny the discovery of information identifying the putative class members prior to conditional certification (for FLSA claims) or Rule 23 certification. In fact, the general rule in Rule 23 proceedings is to refuse "discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik*, 2006 WL 14455464, at *1 (collecting cases). Courts instead require that a plaintiff produce evidence on its own to support its assertion that the case should proceed as a class action on behalf of, or including, others. "[T]he purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect to their own bona fide claims, not to determine whether third parties may have similar claims." *Crabtree v. Hayden, Stone Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) (rejecting the plaintiffs' requests for discovery that were designed to "induce the Court to permit them to prosecute the action as a class action under Rule 23.").

For these same reasons, courts routinely deny efforts by plaintiffs to access the identities and contact information of putative class members in FLSA collective actions through the discovery process in advance of conditional certification. *See, e.g.*, *Searson v. Concord Mortgage Corp.*, No. CV 07-3909(DRH)(ARL), 2008 WL 961624, at *1 (E.D.N.Y. Apr. 8, 2008); *Crawford v. Dothan City Bd. Of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (citing *Sperling*, 493 U.S. at 170 ("The United States Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of names and addresses of employees."); *Stephens v. Erosion Containment Mgmt.,*

*Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008). These courts all hold that a plaintiff must make the preliminary showing that the putative class is "similarly situated" – *i.e.*, obtain conditional certification – before discovery of such information is permissible. And while Plaintiffs will undoubtedly cite cases that have allowed broad discovery under the FLSA concerning putative class members even prior to certification, *see, e.g., Fei v. WestLB AG*, No. 07-cv-8785(HB)(FM), 2008 U.S. Dist. LEXIS 33310 (S.D.N.Y. Apr. 23, 2008), a review of those cases will show that they provide little or no supporting analysis.

The Magistrate Judge's Order here, holding that Plaintiffs could obtain the putative class members' names and contact information in advance of conditional and Rule 23 certification, misapplied the Rule 26 relevance standard. Prior to certification, nothing about the names, addresses or other personal information of the putative class members has anything to do with Plaintiffs' claims for overtime pay. And Rule 26 by its express terms requires that discovery be relevant to the claims <u>of a party</u>. Yet the burden on Defendants of producing information with respect to each and every putative class member – individuals who may never be a part of this case – is high. After certification, class list information may become relevant, and the high burden on Defendants justified, for the purpose of providing notice to class members or, especially for the FLSA claims, adjudicating the claims of any opt-in plaintiffs. But it was error for the Magistrate Judge to compel production before a decision on certification.

**B.      The Magistrate Judge's Order impermissibly eviscerates the two-stage FLSA certification process and violates the Supreme Court's directives.**

In addition to misapplication of Rule 26's relevance standard, the Magistrate Judge's Order eviscerates the accepted two-step certification process in FLSA cases, and further violates the Supreme Court's directives concerning the Court's managerial responsibilities to supervise

the notice process. The entire purpose of having a two-stage certification process in FLSA actions, in which the burden placed on Plaintiffs at the first stage to secure conditional certification is comparatively light, is to ensure that Plaintiffs at least make <u>some</u> showing that a collective or class action is justified before notice is sent out to potential class members and the litigation is broadened to encompass class claims. The process ordered by the Magistrate Judge, however, would effectively jettison the first stage of the certification process and render conditional certification all but irrelevant, since Plaintiffs would already have gotten through an unsupervised discovery process virtually everything they could later hope to secure through conditional certification: communications with and open access to the putative class. The Order also abdicates the Court's duty to supervise and manage the notice and joinder process.

1. **The Supreme Court and FLSA require "conditional certification" first, followed by court-supervised and approved notice.**

Section 216(b) does not define "similarly situated," nor does it set forth the procedure by which a collective action should be "certified" or managed. As Congress chose a mechanism other than Rule 23 for collective actions under §216(b), courts have developed a distinct two-stage certification procedure for purported collective actions. *See generally Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (discussing genesis of the two-stage certification process); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217-19 (11th Cir. 2001) (same). In the first stage, the court determines whether, as a threshold matter based on the pleadings and evidence submitted, the class defined by the plaintiff is sufficiently "similarly situated" to permit the issuance of notice to putative class members and to allow the case to proceed as a collective action throughout discovery. *E.g., Lynch v. United Services Auto.*

*Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).[6] Once the court determines that putative class members are "'similarly situated' for the purposes of authorizing notice, the court 'conditionally certifies' the collective action, and the plaintiff sends <u>court-approved</u> notice to potential members." *Id.* (emphasis added). Following discovery, the court – in a second stage – undertakes a more searching analysis (usually in response to a defendant's motion for decertification) of the propriety of maintaining a collective action under the same "similarly situated" standard. *Id.*

Courts have embraced this two-stage certification process as a balance between the remedial purpose of the FLSA and potential prejudice to the defendant and judicial inefficiencies. *See Bayles v. American Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1067 (D. Colo. 1996). On the one hand, the FLSA's remedial purpose is to provide a remedy to those injured by a violation of its terms, and the statute of limitations for such claims is not tolled until potential plaintiffs opt-in to the suit. *See Ruggles*, 591 F. Supp. 2d at 161 n.12. On the other hand, judicial inefficiencies and prejudice to the defendant would result from the joinder of dissimilar plaintiffs together in a single suit for trial. *See Bayles*, 950 F. Supp. at 1067. The two-stage certification process provides a mechanism for the court to facilitate notice to potential plaintiffs upon a preliminary showing that the potential plaintiffs are "similarly situated" – thus allowing for potential plaintiffs to be informed about the case and to have an opportunity to join early in the case – while reserving the ability to decertify if further discovery reveals that the opt-in plaintiffs are not, in fact, "similarly situated." *See Hipp*, 252 F.3d at 1218-19.

The whole purpose of the certification process's first stage, therefore, is to assess whether putative class members are sufficiently "similarly situated" that they should receive notice of the

---

[6] Although the Second Circuit has not yet examined the issue, courts in this Circuit regularly apply this two-stage certification process. *See Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 157-58 (N.D.N.Y. 2008) (collecting cases).

litigation, and be permitted to join the case as plaintiffs during the rest of the discovery process. *See*, *e.g.*, *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2008 WL 6653632, at *4 (W.D. Tenn. Sept. 16, 2008) ("The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt-in."); *Lynch*, 491 F. Supp. 2d at 368 (the first step determines whether "plaintiffs are sufficiently 'similarly situated' . . . to issue notice"). Indeed, courts in this Circuit expressly state that "a court may authorize notice" only "if the court makes a 'preliminary determination' that potential opt-in plaintiffs are 'similarly situated' to the named plaintiffs." *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (citation omitted). The conditional certification determination and court-supervised notice process "avoids a multiplicity of duplicative suits" that could result from haphazard notice and/or notice to persons who are not, in fact, "similarly situated." *See Lynch*, 491 F. Supp. 2d at 367, citing *Sperling*, 493 U.S. at 171-72.

Indeed, this approach is mandated by the Supreme Court's decision in *Sperling*, 493 U.S. 165. There, the Court held that a district court may approve and facilitate notice under §216(b) to "similarly situated" potential plaintiffs, and may permit discovery of putative class member identities to effectuate such notice. *Id*. at 168-70. The Court cautioned, however, that the district court's intimate involvement in this process was mandatory. In fact, the district court has "the <u>duty</u> . . . to exercise control over a class action," including an FLSA collective action, and has the

"managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id*. at 170-71 (emphasis added).[7]

### 2. The Magistrate Judge impermissibly deviated from the required certification and notice process.

In stark contract with the requirements of *Sperling* and the other cases cited above, the Magistrate Judge's Order would fatally <u>undermine</u> the court-supervised FLSA certification and notice process. The Order here is designed to facilitate Plaintiffs' admitted plan to contact putative class members about the case (Ex. B at 16), with no meaningful supervision of the process, and without any finding that the putative class should be conditionally certified. In doing so, the Magistrate Judge discards entirely the first stage of the FLSA certification process – the whole point of which, as established above (p. 11), is to determine whether "potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice." *Lynch*, 491 F. Supp. 2d at 368. Once Plaintiffs have the putative class members' identities and contact information, they intend to discuss the case with (*i.e*., notify) putative class members. And nothing prevents Plaintiffs from also obtaining from these putative class members consent forms to join the case. Under the Magistrate Judge's Order, Plaintiffs, therefore, obtain all the benefits of conditional certification (notice to the putative class), without making the required "similarly situated" showing.

Moreover, if the Magistrate Judge's Order is permitted to stand, the Court will not be able to meaningfully supervise the process of providing notice to putative class members that Plaintiffs' counsel intends to initiate. This is not to suggest that Plaintiffs' counsel will do

---

[7] The plaintiff in *Sperling*, through his own investigatory efforts, identified several hundred putative class members, and had filed the consents for over 400 such individuals to join the case <u>before</u> requesting both the identities of putative class members in discovery and the district court's assistance in providing notice. *Sperling*, 493 U.S. at 168. Critically, the plaintiff had also submitted extensive evidence to the district court, allowing the district court to conclude that the putative class was sufficiently "similarly situated" to "allow court-facilitated class notice." *Sperling v. Hoffman-La Roche Inc.*, 118 F.R.D. 392, 406 (D. N.J. 1988), *aff'd in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded, Sperling*, 493 U.S. 165. The district court also approved the form and content of communications to be used in communicating with putative class members. *Id*. at 404-05.

anything ethically improper during communications with putative class members. The problem

lies in the Court's absence from the control and supervision of communications with the putative

class under *Sperling*. "Failure to limit notification to a single process would be dissonant with

the intent of the FLSA statute that the Court play a significant role in prescribing the terms and

conditions of communications from the named plaintiffs to the potential members of the class on

which behalf the collective action was commenced." *Ruggles*, 591 F. Supp. 2d at 164

(prohibiting communications between the plaintiff's counsel and putative class members despite

no evidence of deception in such communications). By employing the power of the Court to

facilitate notice to putative class members under the guise of ordinary discovery, the Magistrate

Judge subverts the directives of *Sperling* and the FLSA certification process. The Magistrate

Judge's Order, therefore, is contrary to law and should be reversed.[8]

## IV. The Magistrate Judge's Order Endorses An Unwarranted Intrusion Upon The Privacy of Putative Class Members And An Improper Stirring Up of Litigation.

The Magistrate Judge's Order has implications beyond violations of *Sperling*'s directions

that also render the Order clearly erroneous. As explained below, the Order impermissibly

infringes on the privacy rights and interests of non-parties, and threatens the "stirring up of

litigation" that courts have a duty to avoid.

### A. The privacy rights of putative class members should not be compromised in the absence of conditional certification.

If left intact by this Court, the Order will result in the disclosure of sensitive personal

information – names, addresses, telephone numbers, and partial Social Security numbers – for

hundreds or private citizens. These private citizens have not consented to the disclosure of their

---

[8] Counsel for Plaintiffs certainly are free to locate and interview potential class members through the ordinary investigative process in order to develop their case for conditional certification. They have at their disposal in the named Plaintiffs two former employees who worked for Bovis until only very recently, and who have in excess of seven years of work experience with Bovis between them. *Sperling* dictates that the <u>Court's</u> assistance in this process, however, must await a showing by the Plaintiffs that a "similarly situated" class exists.

private information to Plaintiffs, and have not shown any interest in joining this case, despite it having been pending for more than seven months. Yet, these individuals, with the assistance of the Magistrate Judge's Order, now will be subjected to unsolicited (and likely unwanted) intrusions through the mail or even by telephone calls as Plaintiffs' counsel seeks to question them and (explicitly or otherwise) invite them to join the case – all before this Court has even determined whether the case should proceed conditionally as a collective action.

Moreover, the putative class includes residents of California, whose constitution protects from disclosure the very private information ordered produced by the Magistrate Judge. The California Constitution expressly provides that "All people are by nature free and independent, and have inalienable rights. Among those are . . . privacy." Cal. Const. art. I, § 1. This right to privacy extends to protect personal information held by an employer from unwarranted discovery. *El Dorado Savings & Loan Ass'n v. Superior Court*, 190 Cal. App. 3d 344, 346 (Cal. Ct. App. 1987) (non-party employee's right to privacy protects employee personnel file); *Harding Lawson Assoc. v. Superior Court*, 10 Cal. App. 4th 7, 10 (Cal. Ct. App. 1992). Plaintiffs have offered no compelling reason here why the privacy rights of putative class members – and the constitutional rights of those in California – should be discarded to further their personal interests at this stage of the litigation.

> **B.**     **The substantial risk of "stirring up of litigation" created by the Order is untenable.**

Courts have repeatedly cautioned that class and collective action devices must be carefully managed so they do not become mechanisms for the "stirring up of litigation" or the solicitation of clients. *See*, *e.g.*, *Dziennik*, 2006 WL 1455464, at *1 (refusing pre-certification discovery of putative class member identities "out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients."); *Flanigan v. American Fin. Sys. of*

*Ga.*, 72. F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation.") (quotation omitted); *Sperling*, 493 U.S. at 181 (Scalia, J., dissenting) (lamenting that even court-supervised notice under §216(b) may result in "'[s]tirring up litigation' [which] was once exclusively the occupation of disreputable lawyers, roundly condemned by this and all American courts." ).

Here, even if the Court finds that conditional certification of Plaintiffs' case is not warranted, Plaintiffs' counsel will have created a pool of hundreds of new potential litigants who may then attempt either join the present case or file their own individual or collective actions elsewhere. As the courts above recognize, this situation is untenable. Sound case management, consistent with the cases cited throughout this brief, provides the solution:

> As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists. * * * The courts, as well as practicing attorneys, have a responsibility to avoid the "stirring up" of litigation through unwarranted solicitation.

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991). The Magistrate Judge's Order here does not reflect sound case management and, in light of the above, is clearly erroneous.

## CONCLUSION

For the foregoing reasons, Bovis respectfully requests that the Court reverse Magistrate Judge Ellis' March 3, 2010 Order, and deny without prejudice Plaintiffs motion to compel discovery of identifying information of the putative class.

Dated: New York, New York
      March 15, 2010

Respectfully submitted,
WINSTON & STRAWN LLP

By: /s/  Shane Blackstone, Esq.
       Shane Blackstone, Esq.
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (facsimile)
sblackstone@winston.com

Jason S. Aschenbrand, Esq.
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (facsimile)
jaschenbrand@winston.com

Attorneys for Defendants