

Wayne N. O[utten]
Anne Golden
Adam T. Klei[n]
Laurence S. M[oy]
Kathleen Per[atis]
Justin M. Sw[artz]
Jack A. Raisn[er]
Wendi S. Laz[ar]
Carmelyn P. M[alalis]
Tammy Marzigliano
René S. Roupinian

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Samuel R. Miller
Paul W. Mollica

Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Jennifer Liu
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Juno Turner

May 17, 2011

**By Hand Delivery**
Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   *Sewell, et al. v. Bovis Lend Lease, et al.*, 09-cv-6548 (SHS)(RLE)

Dear Judge Ellis:

We represent Plaintiffs in the above-captioned matter. We write on behalf of all parties to request that the Court approve the enclosed Fair Labor Standards Act ("FLSA") notice, which incorporates the changes previously requested by Your Honor.

As explained in prior correspondence, over the last several months the parties have been negotiating the terms of a settlement. As a first step, and before any settlement can be finalized, the parties have agreed to provide a notice and an opportunity to opt-in to certain members of the putative FLSA collective. If the Court approves the enclosed notice, a third-party claims administrator will send the notice to the members of the putative FLSA collective who will, according to the parties' agreement, have 30 days from the date that their notice is mailed to return a consent form to the claims administrator. The claims administrator will take reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and shall attempt up to two re-mailings of the notice. The parties propose that the notice issue within 22 days from the Court's approval of it.

We thank the Court for its attention.

Very truly yours,

Juno Turner

*Notice approved*

enclosure

cc:   Gregory F. Jacob, Esq. (via email)
      Justin M. Swartz, Esq. (via email)

**SO ORDERED**
Ronald [Ellis]  5-18-11
**MAGISTRATE JUDGE RONALD L. ELLIS**

3 Park Avenue, 29th Floor New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
191 Post Road West, Westport, CT 06880   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE SEWELL and EMILY DIANGSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BOVIS LEND LEASE, INC. and BOVIS LEND LEASE LMB, INC.,<br><br>　　　　　　　　　　　　Defendants. | 09-CV-6548 (SHS)(RLE)<br><br>**[PROPOSED] AUTHORIZED NOTICE OF LAWSUIT** |

**TO:** **Project Engineers, Assistant Project Managers, Assistant Superintendents, Field Engineers, Senior Field Engineers, Contract Administrators, Field Administrative Managers, Project Control Representatives, Senior Contract Administrators, and/or Senior Inspectors employed by Bovis Lend Lease, Inc., or Bovis Lend Lease LMB, Inc. outside of New York State between March 4, 2007 and December 31, 2010.**

**RE:** **Overtime Fair Labor Standards Act lawsuit against Bovis Lend Lease, Inc. and Bovis Lend Lease LMB, Inc., that you may be eligible to join.**

## DESCRIPTION OF THE LAWSUIT

- Current and former employees of Bovis Lend Lease, Inc., and Bovis Lend Lease LMB, Inc., (together, the "Defendants"), have filed a lawsuit claiming, among other things, that the positions listed above are not properly classified as "exempt" salaried employees, and that the Defendants failed to pay overtime premiums required by law. Defendants contend the positions are properly classified as exempt.

- The lawsuit has been filed as a collective action on behalf of the Bovis employees who were employed by Defendants in the above-listed positions between March 4, 2007 and December 31, 2010. This litigation is currently in the early pretrial stage, during which there have been negotiations between the parties.

- Only employees who worked for the Defendants outside of New York State are receiving this notice.

- You may be eligible to join the lawsuit, and you have a choice to make now:

| YOUR OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you may receive money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any right to separately sue the Defendants about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice and return it postmarked by** [insert date 30 days from mailing of Notice]. |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement of the claims in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue Defendants separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ [insert **30 days after mailing**] _____

- If money or benefits are obtained from the Defendants, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that may affect your rights. Please read it carefully.**

### 1. Why did I get this notice?

You are getting this notice because the Defendants' records show you work or worked at Bovis Lend Lease, Inc., and/or Bovis Lend Lease LMB, Inc. as a Project Engineer, Assistant Project Manager, Assistant Superintendent, Field Engineer, Senior Field Engineer, Contract Administrator, Field Administrative Manager, Project Control Representative, Senior Contract Administrator, and/or Senior Inspector. A lawsuit has been brought against the Defendants alleging they violated provisions of federal and New York State wage and hour laws by classifying the above-listed positions as "exempt" salaried employees and failing to pay overtime premiums. The parties are trying to determine which workers wish to participate in the case. The court has not made any determination of wrongdoing or liability on the part of the Defendants, or whether this litigation should proceed on a class or collective basis. This litigation is currently in the early pretrial stage, during which there have been negotiations between the parties.

The Honorable Ronald L. Ellis, United States Magistrate Judge in the Southern District of New York, is overseeing the pretrial stage of this collective action. The lawsuit is known as *Sewell, et al. v. Bovis Lend Lease, Inc., et al.*, 09-cv-6548.

### 2. What is this lawsuit about?

This lawsuit is about whether the Defendants' compensation practices violate federal and/or New York law. This notice relates to claims that Defendants violated federal law by misclassifying the above-listed employees as exempt and by failing to pay them overtime pay at the proper time-and-a-half overtime rate for each week in which they worked over 40 hours.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit on behalf of others who have similar claims. All eligible employees who decide to participate in the case are conditionally part of the "Collective" or "Collection Action Members." The workers who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs. The corporate entities that they have sued – Bovis Lend Lease, Inc. and Bovis Lend Lease LMB, Inc. – are called the Defendants. One Court resolves the issues for everyone who decides to join the case.

### 4. What is the Defendants' position?

Defendants deny Plaintiffs' allegations and maintain they complied with all applicable laws, including the FLSA. It is the Defendants' position that all of the job classifications at issue in this lawsuit are properly classified as exempt from the overtime requirements of the FLSA because employees in those job classifications performed professionally exempt work or administratively significant exempt work directly related to Bovis's general business operations, were properly paid on an annual salary basis, and understood that they were classified as exempt and that their salaries constituted full payment for all hours worked.

### 5. Has the Court decided who is right?

The Court has not decided whether the Defendants or the Plaintiffs are correct. By approving the parties' request to send this Notice, the Court is merely allowing the parties to determine which current and/or former employees wish to join the lawsuit. The Court is not suggesting that the Plaintiffs will win or lose the case.

### 6. What are the Plaintiffs asking for?

With respect to the federal claims to which this notice relates, Plaintiffs are seeking to recover allegedly unpaid overtime wages. Plaintiffs also are seeking to recover 100% (double) liquidated damages, attorneys' fees, and costs.

### 7. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have worked as a Project Engineer, Assistant Project Manager, Assistant Superintendent, Field Engineer, Senior Field Engineer, Contract Administrator, Field Administrative Manager, Project Control Representative, Senior Contract Administrator, and/or Senior Inspector at Bovis Lend Lease, Inc., and/or Bovis Lend Lease LMB, Inc. between March 4, 2007 and December 31, 2010.

### 8. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered on the FLSA claims in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own lawsuit. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in part or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

### 9. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from any settlement or judgment favorable to the Plaintiffs. While this suit is proceeding, if the suit does not settle, you may be required to respond to written questions, sit for deposition, and/or testify in court.
If you file a "Consent To Join" form, your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiffs are "similarly situated" in accordance with applicable laws.

By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, you designate the named Plaintiffs to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiffs will be binding on you if you join the lawsuit.

### 10. Can the Defendants and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of federal law for the Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.

### 11. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form**. An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**[Insert Claims Administrator Address]**

The signed Consent to Join form must be postmarked within [insert date <u>30 days from mailing of Notice</u>]. **If your signed Consent to Join Form is not postmarked on or before [insert date <u>30 days from mailing of Notice</u>], you may not be allowed to participate in the federal law portion of this lawsuit, or share in a monetary recovery on the federal law claims.**

### 12. Do I have a lawyer in this case, and can they answer questions about the lawsuit?

If you choose to join this lawsuit, you will be represented by the following lawyers:

Justin M. Swartz, Juno Turner, and other lawyers at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com.

If you have any questions concerning the lawsuit, you may speak free of charge with attorney Juno Turner of Outten & Golden by calling (212) 245-1000 or by emailing BovisLawsuit@outtengolden.com.

### 13. Should I get my own lawyer?

You are not required to hire you own lawyer if you wish to join because Plaintiffs' Counsel will be working on your behalf. You are allowed to hire your own lawyer at your own expense.

### 14. How will the lawyers be paid?

You will not be required to pay any attorneys' fees or costs out of your own pocket. The named Plaintiffs have entered into contingency fee agreements with Plaintiffs' attorneys. If you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs chargeable to you. In the event there is a recovery, the fee agreements entitle Plaintiffs' counsel to petition the Court to award them attorneys fees from any judgment or settlement in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross judgment or settlement amount. . The Court may be asked to approve the attorneys' fees and costs. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by the Defendants, or may be a combination of the two. A copy of the contingency fee agreements executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified above.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE SEWELL and EMILY DIANGSON, individually and on behalf of all others similarly situated,<br><br>                               Plaintiffs,<br><br>v.<br><br>BOVIS LEND LEASE, INC. and BOVIS LEND LEASE LMB, INC.,<br><br>                              Defendants. | 09-CV-6548 (SHS)(RLE)<br><br>**CONSENT TO JOIN** |

1.    I consent to be a party plaintiff in a lawsuit against Bovis Lend Lease, Bovis Lend Lease LMB, Inc and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate Outten & Golden LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable. I understand that reasonable costs expended by Outten & Golden LLP on my behalf will be deducted from any judgment or settlement amount on a pro rata basis among all other plaintiffs. I understand that Outten & Golden LLP will petition the Court to award them attorneys fees from any judgment or settlement in the amount of the greater of: (1) their "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross judgment or settlement amount.

3.    By signing and returning this consent form, I hereby certify that between March 4, 2007 and December 31, 2010, there was at least one occasion on which I worked over 40 hours per week as a Project Engineer, Assistant Project Manager, Assistant Superintendent, Field Engineer, Senior Field Engineer, Contract Administrator, Field Administrative Manager, Project Control Representative, Senior Contract Administrator, and/or Senior Inspector. I understand that I do not need to have any documentation of my overtime work to participate in the lawsuit, but that, while this suit is proceeding, and if the suit does not settle, I may be required to respond to written questions, sit for deposition, and/or testify in court.

_____

Signature

Full Legal Name (print)

_____
*Address

_____          _____
*City, State                                    Zip Code

_____
*Telephone number

_____
*Email address

*You do not have to provide this information in order to participate. If you do provide it, it is only for your attorneys. It will be covered over when filed with the Court.

7